UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV126-EHJ

LOU ANN WOODFORD                                                                                    PLAINTIFF

v.

JO ANNE B. BARNHART
Commissioner of Social Security                                                                      DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon plaintiff Lou Ann Woodford's objections to the proposed Report and Recommendation of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the magistrate's report should be adopted, and the Decision of the Commissioner should be affirmed.

Ms. Woodford filed an application for SSI disability benefits on March 31, 2003, alleging that she became disabled on November 25, 1998 as a result of cracked vertebra at L4-5, a cracked hip, herniated discs in the upper spine, pain and panic attacks (Tr. 421). After a hearing on May 20, 2004, Administrative Law Judge James Craig ("ALJ") found that Ms. Woodford has severe impairments of degenerative joint disease of the bilateral knees, status post bilateral knee arthroscopic surgeries, degenerative disc disease of the lumbar spine, status post remote IDEP procedure, treatment for cervical facet joint arthropathy without objective findings, subjective hip pain, affective disorder, anxiety related disorder and borderline intellectual functioning (Tr. 23). Though the ALJ found these impairments to be severe, he noted that they do not meet or medically equal listed impairments (Tr. 16). Plaintiff has no past relevant work, but retains the residual functional capacity to perform a range of unskilled, sedentary work (Tr. 32).

Plaintiff has filed objections to the magistrate's report, arguing that she suffers from at least two marked impairments that would make her eligible for meeting the listed impairments for depression §12.04(b) and anxiety §12.06B. Additionally, plaintiff argues that the ALJ's analysis and controlling hypothetical to the vocational expert did not properly take into account the plaintiff's difficulties in maintaining attention and concentration, nor her borderline intellectual functioning.

The plaintiff's first argument assumes that the ALJ was bound to accept the findings of Dr. Bruce Amble that plaintiff suffers from "marked" limitations in her ability to interact appropriately with the public and with co-workers and in her ability to respond appropriately to work pressures in a usual work setting. The question for this Court is whether the ALJ had a substantial basis for declining to accept Dr. Amble's disabling opinions. The magistrate's report outlines at least four bases that support the ALJ's rejection of Dr. Amble's conclusions (Magistrate's Report pages 8-9), and which are persuasive to this Court. The magistrate further addresses the duration requirement with regard to plaintiff's psychological limitations, noting that the ALJ properly characterized the records as suggesting that plaintiff's psychological problems may be temporary and could be anticipated to improve as she worked through her childhood abuse issues. For these reasons, the ALJ's Decision was within the bounds of SSR 85-15 and is supported by substantial evidence.

Plaintiff's second argument is related to her first – whether the marked limitations noted by Dr. Amble coupled with her claimed inability to maintain attention and concentration and borderline intellectual functioning were limitations adequately represented in the controlling hypothetical posed to the vocational expert. Plaintiff suggests that she suffers from limitations in excess of those contained in the posed hypothetical. The Court has reviewed the controlling hypothetical at Tr. 826-827 and notes that it specifically contains concessions for plaintiff's difficulties in interacting with

co-workers and the public. It also accounts for her difficulty in concentrating and her limited intellectual functioning by omitting detailed and complex work as well as fast paced quota work and/or production jobs. Plaintiff urges that Dr. Amble's findings were in excess of the limitations acknowledged by the ALJ in the controlling hypothetical. However, the Court finds that the ALJ's treatment of the plaintiff's psychological limitations or his residual functional capacity findings are supported by substantial evidence and comport with applicable law.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by plaintiff's objections, the Court finds no misapplication of the law. The magistrate's analysis of the issues and application of the law are appropriate, and his recommendations are adopted.

A judgment in conformity has this day entered.